UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------×
LISSETTE BORJA,

      *Plaintiff,*                               **18 CV 941**

    *v.*

                                              **COMPLAINT**

FGNY W42, LLC, d/b/a FIVE GUYS BURGERS AND
FRIES,

      *Defendant.*
---------------------------------------------------------------------------×

      Plaintiff Lissette Borja, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendant FGNY W42, LLC, d/b/a Five Guys Burgers and Fries ("Five Guys NY"), as follows:

## PRELIMINARY STATEMENT

      1.     Ms. Borja seeks damages and costs against Five Guys NY for discriminating against her based on her sex by failing to provide her with a reasonable accommodation for her pregnancy and terminating her employment because of her pregnancy, in violation of Title VII of the Civil Rights of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 (PDA), 42 U.S.C. § 2000k.

      2.     Ms. Borja also seeks damages and costs against Five Guys NY for discriminating against her based on her pregnancy and caregiver status by subjecting her to a hostile work environment, failing to provide her with a reasonable accommodation, and terminating her employment, in violation of the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code §§ 8-101 *et seq.*

      3.     Ms. Borja also seeks damages and costs against Five Guys NY for retaliating against her for exercising her rights under Title VII, as amended by the PDA, and the NYCHRL.

1

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under Title VII.

5. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's NYCHRL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

7. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a Right-to-Sue letter dated January 19, 2018, relating to the discriminatory acts described in this Complaint. This action was properly instituted within 90 days of the issuance of the Right-to-Sue letter.

## TRIAL BY JURY

8. Plaintiff respectfully requests a trial before a jury.

## PARTIES

9. Ms. Borja, at all times relevant hereto, was and is a resident of New York County in the State of New York.

10. Upon information and belief, at all times relevant hereto, Five Guys NY was and is a limited liability company organized under the laws of the State of New York. Upon information and belief, Five Guys NY is a franchisee that owns and operates a Five Guys

Burgers and Fries fast food restaurant franchise location at 253 West 42nd Street, New York, New York 10036 (the "Location").

## STATEMENT OF FACTS

11. In and around April 2017, Ms. Borja applied for a Crew Member position at Five Guys NY.

12. At the time of her application, Ms. Borja was approximately four months pregnant.

13. On or about May 1, 2017, Ms. Borja began working as a Five Guys NY Crew Member at the Location.

14. As a Crew Member, Ms. Borja's job duties included food preparation, stock, inventory, and various cleaning tasks.

15. On Ms. Borja's first day of work at Five Guys NY, she told the Location's General Manager, known to Ms. Borja only as "Suraj," that she would be unable to work late evening shifts, as she needed to leave work by 8:00 p.m. so that she could go home to care for her young children, whom she raised as a single mother.

16. At that time, Five Guys NY expressed no issue with this scheduling restriction and scheduled Ms. Borja for the afternoon shifts.

17. In and around mid- to late May 2017, Ms. Borja's manager, a woman known to her only as "Yaritze," instructed Ms. Borja to carry an approximately 25-pound bucket of potatoes to the fryer—the only job duty that Crew Members had which required heavy lifting.

18. Ms. Borja told Yaritze that she could not carry the bucket because she was pregnant and had been instructed by her doctor not to perform heavy lifting.

19. Yaritze did not respond and ignored Ms. Borja, forcing Ms. Borja to carry the bucket anyway.

3

20. After this incident, Five Guys NY continued to require Ms. Borja to carry heavy items, despite knowing that Ms. Borja was pregnant and could not perform heavy lifting without risking her or her unborn child's health.

21. For example, in and around early June 2017, another of Ms. Borja's managers, a man known to her only as "Andrew," assigned Ms. Borja to carry another heavy bucket of potatoes.

22. Ms. Borja informed Andrew, just as she had informed Yaritze, that she could not lift heavy objects because she was pregnant.

23. Like Yaritze, Andrew refused to accommodate Ms. Borja, telling her, "You need a note saying that," in reference to Ms. Borja's pregnancy-related restrictions on heavy lifting.

24. Ms. Borja was surprised and said that it was common knowledge that performing heavy lifting while pregnant was dangerous.

25. However, Andrew only repeated, "I want a doctor's note."

26. Ms. Borja agreed and told Andrew that she would provide the note once she had the opportunity to see a doctor.

27. The very next day, Five Guys NY changed Ms. Borja's schedule to the 2:00 p.m. to 10:00 p.m. shift, even though the Location's management knew that Ms. Borja could not work past 8:00 p.m. due to her caregiving obligations to her children.

28. Immediately, Ms. Borja spoke to Suraj about the problem, reminding him of her ongoing caregiving parental responsibilities, but he refused to correct the situation, responding only, "Can't change anything now."

29. When Ms. Borja objected that she had personally seen Suraj change other workers' schedules—in fact, Five Guys NY regularly provided employees with flexible

4

schedules for everything from attending school to celebrating birthdays—Suraj gave Ms. Borja a nonresponsive answer, telling her that he had changed those employees' schedules only because they had requested the schedule changes "a long time ago."

30. Ms. Borja pointed out that she had notified Suraj of her scheduling needs well before this conversation—upon her hire, one month prior—but he ignored Ms. Borja, ending the conversation.

31. On or about June 11, 2017, the day of her scheduled 2:00 p.m. to 10:00 p.m. shift, Ms. Borja reminded Andrew that she could not stay past 8:00 p.m., in accordance with her previously functioning accommodation, and requested that her shift be changed.

32. Andrew said that he had not been made aware that Ms. Borja could not stay past 8:00 p.m., as Suraj had neither informed him of Ms. Borja's accommodation nor entered it on the schedule.

33. Ms. Borja left work that day at 8:00 p.m. in accordance with her previously functioning accommodation, in order to care for her young children.

34. The following day, Suraj called Ms. Borja into his office, telling her that he had to "talk to [her] with Andrew."

35. In that meeting, Suraj told Ms. Borja that Five Guys NY was terminating her employment, purportedly because Ms. Borja had told Andrew that Suraj said she could "leave early."

36. Ms. Borja flatly denied this, as she had never said anything of the sort to Andrew.

37. Initially, Andrew agreed with Ms. Borja, stating that Ms. Borja had never said that to him.

5

38. However, after Suraj insisted that Andrew corroborate Suraj's story, Andrew claimed to now "remember things differently."

39. Until her termination, Ms. Borja had only received positive feedback from Five Guys NY regarding her job performance, and Ms. Borja suspected that Five Guys NY's decision to terminate her was because of her pregnancy and her need for accommodations.

40. Ms. Borja complained to Five Guys NY that she was being treated unfairly and stated that she believed her pregnancy had played a role in Five Guys NY's decision to terminate her employment.

41. Suraj only responded, "I can't say that," refusing to deny that Five Guys NY had terminated Ms. Borja's employment because of her pregnancy and requests for accommodations.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### Failure to Provide a Reasonable Accommodation
### in Violation of Title VII as Amended by the PDA

42. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

43. Title VII prohibits an employer from discriminating against an employee in terms, conditions, or privileges of employment on the basis of sex, including pregnancy, childbirth, and related medical conditions.

44. Defendant discriminated against Plaintiff based on her pregnancy by failing to provide her with a reasonable accommodation for her pregnancy.

45. As such, Defendant has violated Title VII as amended by the PDA.

46. As a direct and proximate consequence of Defendant's pregnancy discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

47. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## SECOND CAUSE OF ACTION
### Unlawful Termination in Violation of Title VII as Amended by the PDA

48. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 47 with the same force as though separately alleged herein.

49. Title VII prohibits an employer from discriminating against an employee in terms, conditions, or privileges of employment on the basis of sex, including pregnancy, childbirth, and related medical conditions.

50. Defendant terminated Plaintiff's employment based on her pregnancy.

51. As such, Defendant has violated Title VII as amended by the PDA.

52. As a direct and proximate consequence of Defendant's pregnancy discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

53. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of Title VII as Amended by the PDA

54. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 53 with the same force as though separately alleged herein.

55. Title VII prohibits an employer from retaliating against an employee for engaging in protected activity under Title VII.

56. Plaintiff engaged in protected activity under Title VII when she properly complained to Defendant about pregnancy discrimination unlawful under Title VII and requested accommodations for her pregnancy.

57. Defendant retaliated against Plaintiff by terminating her employment.

58. As such, Defendant has violated Title VII as amended by the PDA.

59. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

### FOURTH CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL

60. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 59 with the same force as though separately alleged herein.

61. The NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis of gender, including pregnancy and related medical conditions, and caregiver status.

62. Defendant violated the NYCHRL when it subjected Plaintiff to a hostile work environment based on her pregnancy and caregiver status, including making her carry heavy objects while pregnant and treating her less well because of her pregnancy and caregiver status.

63. As a direct and proximate consequence of Defendant's pregnancy and caregiver status discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

64. Defendant's discriminatory treatment of Plaintiff involved a conscious disregard of Plaintiff's rights or conduct so reckless as to amount to such disregard.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### FIFTH CAUSE OF ACTION
### Failure to Provide a Reasonable Accommodation
### in Violation of the NYCHRL

65. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 64 with the same force as though separately alleged herein.

66. The NYCHRL requires an employer to make reasonable accommodations to enable an employee who is pregnant to satisfy the essential requisites of a job.

67. Defendant was fully aware of Plaintiff's pregnancy, as Plaintiff notified Defendant of her pregnancy and requested related reasonable accommodations..

68. Defendant refused to grant Plaintiff's request for a reasonable accommodation for her pregnancy and failed to engage in the mandatory interactive process to make a reasonable accommodation for Plaintiff's pregnancy.

69. As such, Defendant has violated the NYCHRL.

70. As a direct and proximate consequence of Defendant's failure to provide her with a reasonable accommodation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

71. Defendant's discriminatory treatment of Plaintiff involved a conscious disregard of Plaintiff's rights or conduct so reckless as to amount to such disregard.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### SIXTH CAUSE OF ACTION
**Unlawful Termination in Violation of the NYCHRL**

72. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 71 with the same force as though separately alleged herein.

73. The NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis of gender, including pregnancy, and caregiver status.

74. Defendant violated the NYCHRL when it terminated Plaintiff's employment based on her pregnancy and caregiver status.

75. As a direct and proximate consequence of Defendant's pregnancy and caregiver status discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

76. Defendant's discriminatory treatment of Plaintiff involved a conscious disregard of Plaintiff's rights or conduct so reckless as to amount to such disregard. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### SEVENTH CAUSE OF ACTION
**Retaliation in Violation of NYCHRL**

77. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 76 with the same force as though separately alleged herein.

78. The NYCHRL prohibits an employer from retaliating against an employee for engaging in protected activity under the NYCHRL.

79. Plaintiff engaged in protected activity under the NYCHRL when she properly complained to Defendant about pregnancy and caregiver status discrimination unlawful under the NYCHRL and requested reasonable accommodations.

80. Defendant retaliated against Plaintiff by terminating her employment.

81. As such, Defendant has violated the NYCHRL.

82. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial;

C. For the third cause of action, damages to be determined at trial;

D. For the fourth cause of action, damages to be determined at trial;

E. For the fifth cause of action, damages to be determined at trial;

F. For the sixth cause of action, damages to be determined at trial;

G. For the seventh cause of action, damages to be determined at trial; and

H. For such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 2, 2018

By: _/s/ Walker G. Harman, Jr._
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiff*